DYLAN RUGA (SBN 235969)
CHARLENE MINX (SBN 246349)
JI-IN LEE (SBN 280088)
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067-5052
Telephone:  (310) 734-3200
Facsimile:(310) 734-3300
Email:     druga@steptoe.com
Email:     cminx@steptoe.com
Email:     jalee@steptoe.com

Attorneys for Plaintiff
RESERVE MEDIA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESERVE MEDIA, INC., a Delaware corporation,<br><br>         Plaintiff,<br><br>    vs.<br><br>EFFICIENT FRONTIERS, INC., a Wisconsin corporation; and DOES 1-10,<br><br>         Defendants. | Case No.:  2:15-CV-5072<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff Reserve Media, Inc. ("Reserve"), through its attorneys, brings this action and alleges against Efficient Frontiers, Inc. ("EFI") as follows:

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over this matter pursuant to 15 U.S.C. § 1121 (Lanham Act) because it includes a claim for declaratory relief regarding EFI's alleged trademarks, including federally registered trademarks. Upon information and belief, Defendant EFI is subject to general personal jurisdiction in California due to its extensive and systematic contacts in this State, as well as to specific personal jurisdiction because this action arises from EFI's in-state activities. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## THE PARTIES

2. Reserve is organized and existing under the laws of the State of Delaware. Its principal place of business is located at 1 Union Square West, Suite 208, New York, New York 10003.

3. Reserve is informed and believes, and on that basis alleges, that at all times relevant hereto defendant EFI is and was a Wisconsin corporation with its principal place of business located at 3215 Golf Road, Suite 165, Delafield, Wisconsin 53018. Reserve is further informed and believes, and on that basis alleges, that EFI has a sales office located at 2021 W. Las Positas Court, Suite 127, Livermore, California 94551.

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to Reserve, which therefore sues said defendants by such fictitious names. Reserve will seek leave of this Court to amend this Complaint to include their proper names and capacities when they have been ascertained. Reserve is informed and believes, and on that basis alleges, that each of the fictitiously named defendants participated in and are in some manner responsible for the acts described in this Complaint.

Defendants EFI and DOES 1-10 are hereinafter collectively referred to as "Defendants."

5. Reserve alleges on information and belief that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the Defendants was the agent and employee of each of the other Defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other Defendants.

## GENERAL ALLEGATIONS

6. Reserve provides digital concierge services to assist in the booking and payment of premium events and experiences offered by businesses. In the hospitality industry, Reserve has partnered with restaurants to help provide a better experience for restaurants and their guests before, during and after the meal. Reserve currently operates in the following cities: New York, Los Angeles, San Francisco, Chicago, and Boston.

7. Referred to as "magical" by The New York Times writer Nick Bilton, Reserve has received numerous accolades from the press and its users. Here are a few of the user reviews for Reserve:

- "*Reserve is the best app I've ever used*"
- "*Seamless!*"
- "*Mind equals blown*"

8. Reserve has filed an application for the mark RESERVE in international classes 42 (for software as a service (SAAS) services featuring software to allow users to bid on and purchase goods and services from a business at premium prices; software as a service (SAAS) services featuring software to allow businesses to list excess goods and services for bid and purchase at premium prices), 43 (for agency services provided for the convenience of others to assist in the booking of premium events and experiences offered by businesses) and 45 (for private digital concierge services provided via computer software for the

1 convenience of others to assist in the booking of premium events and experiences
2 offered by businesses).
3     9.    Reserve is informed and believes, and on that basis alleges, that
4 defendant EFI is doing business as ReServe Interactive and develops software
5 applications for use in the hospitality industry.
6     10.    On or about October 29, 2014 and February 4, 2015, EFI, through its
7 legal counsel, sent cease and desist letters to Reserve. In those letters, EFI asserted
8 that it owns trademark rights in the following marks:

- RESERVE ANYWHERE [international class 35]
- RESERVE Q [international classes 9 and 42]
- RESERVE INTERACTIVE [international class 9]
-  [international classes 9 and 42]

(collectively, the "Alleged EFI Marks").

    11.    In its cease and desist letters, EFI asserted that Reserve's use of the term RESERVE infringes the Alleged EFI Marks and demanded that Reserve immediately cease all uses of the term RESERVE and similar terms in conjunction with goods and services related to those offered by EFI.

### FIRST CLAIM FOR RELIEF

**(Declaratory Relief re Noninfringement of Trademark)**

    12.    Reserve incorporates all prior allegations as if set forth fully herein.

    13.    A real and actual controversy has arisen and now exists between the parties regarding whether Reserve's use of the term RESERVE infringes the Alleged EFI Marks.

    14.    Reserve desires a judicial determination and declaration that its use of the term RESERVE does not infringe on any of the Alleged EFI Marks, or otherwise violate any of Defendants' rights. Such a declaration is necessary and

appropriate at this time so that Reserve may ascertain it rights with respect to the use of the term RESERVE.

## PRAYER FOR RELIEF

WHEREFORE, Reserve prays for judgment against Defendants as follows:

1. For a declaration that Reserve's use of the term RESERVE does not infringe on any valid trademark right of Defendants or otherwise violate Defendants' rights;

2. For reasonable attorneys' fees, to the extent authorized by law, including because this is an exceptional case under the Lanham Act;

3. For costs of suit; and

4. For such other and further relief as the Court may deem just and proper.

Dated: July 6, 2015                    STEPTOE & JOHNSON LLP

                                                         DYLAN RUGA
                                                         CHARLENE MINX
                                                         JI-IN LEE


                                                    By:   /s/ Dylan Ruga
                                                         DYLAN RUGA
                                      Attorneys for RESERVE MEDIA, INC.

## **DEMAND FOR JURY TRIAL**

Reserve Media, Inc. demands a trial by jury.

Dated: July 6, 2015

STEPTOE & JOHNSON LLP

DYLAN RUGA
CHARLENE MINX
JI-IN LEE


By: /s/ Dylan Ruga
        DYLAN RUGA
Attorneys for RESERVE MEDIA, INC.

5
COMPLAINT FOR DECLARATORY RELIEF