**NOTE CHANGES MADE BY THE COURT**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| RESERVE MEDIA, INC., <br><br> Plaintiff, <br><br> v. <br><br> EFFICIENT FRONTIERS, INC., <br><br> Defendants. <br><br> ──────────────── <br> EFFICIENT FRONTIERS, INC., <br><br> Counterclaimant, <br><br> v. <br><br> RESERVE MEDIA, INC., <br><br> Cross-Defendant. | Case No. CV 15-5072 DDP (AGRx) <br><br> Presiding: Hon. Dean D. Pregerson <br> Magistrate: Hon. Alicia G. Rosenberg <br><br> **DISCOVERY MOTION** <br><br> [~~PROPOSED~~] **MODIFIED PROTECTIVE ORDER** <br><br> <u>Hearing Information</u> <br> Judge: Hon. Alicia G. Rosenberg <br> Date: March 22, 2016 <br> Time: 10:00 a.m. <br> Courtroom: B <br><br> Action Filed: July 6, 2015 <br> Discovery Cut-off: Aug. 12, 2016 <br> Pre-Trial Conf.: Dec. 5, 2016 <br> Trial Date: Dec. 13, 2016 |

**NOTE CHANGES MADE BY THE COURT**

## 1. PRELIMINARY STATEMENTS

### A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and disclosure to the parties in this litigation may be warranted. Accordingly, the Court hereby enters the following Order. This Order does not confer blanket protections on all disclosures or responses to discovery and the protections that it does afford from public disclosure and from disclosure to the parties in this litigation extend only to the limited information or items that are entitled to confidential and highly confidential "attorneys' eyes only" treatment under applicable legal principles. As set forth in Section 12.3, below, this Order does not entitle the parties to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address

their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential or highly confidential "attorneys' eyes only" for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. DEFINITIONS

2.1     <u>Action</u>: this pending federal law suit.

2.2     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4     <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.6     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosure or in the responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7     <u>Disclosure or Discovery Material</u>: all items or foundation, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not

1 be avoided by less restrictive means.

2     2.9    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

    2.10    <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

    2.11    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

    2.12    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

    2.13    <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

    2.14    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

    2.15    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    2.16    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    2.17    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

//
//

## 3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for

protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

//

1  (b) for testimony given in deposition ~~or in other pretrial or trial proceedings~~, that
2  the Designating Party identify on the record, before the close of the deposition, ~~hearing,~~
3  ~~or other proceeding~~, all protected testimony and specify the level of protection being
4  asserted. When it is impractical to identify separately each portion of testimony that is
5  entitled to protection and it appears that substantial portions of the testimony may qualify
6  for protection, the Designating Party may invoke on the record (before the deposition,
7  ~~hearing, or other proceeding~~ is concluded) a right to have up to 21 days to identify the
8  specific portions of the testimony as to which protection is sought and to specify the level
9  of protection being asserted. Only those portions of the testimony that are appropriately
10 designated for protection within the 21 days shall be covered by the provisions of this
11 Stipulated Protective Order. Alternatively, a Designating Party may specify, at the
12 deposition or up to 21 days afterwards if that period is properly invoked, that the entire
13 transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
14 ATTORNEYS' EYES ONLY."

15  Parties shall give the other parties notice if they reasonably expect a deposition,
16 ~~hearing or other proceeding~~ to include Protected Material so that the other parties can
17 ensure that only authorized individuals who have signed the "Acknowledgment and
18 Agreement to Be Bound" (Attachment A) are present at those proceedings. The use of a
19 document as an exhibit at a deposition shall not in any way affect its designation as
20 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."
21 Transcripts containing Protected Material shall have an obvious legend on the title page
22 that the transcript contains Protected Material, and the title page shall be followed by a
23 list of all pages (including line numbers as appropriate) that have been designated as
24 Protected Material and the level of protection being asserted by the Designating Party.
25 The Designating Party shall inform the court reporter of these requirements. Any
26 transcript that is prepared before the expiration of a 21-day period for designation shall be
27 treated during that period as if it had been designated "HIGHLY CONFIDENTIAL –
28 ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the

1  expiration of that period, the transcript shall be treated only as actually designated.

2      (c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

    5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

    6.3    <u>Burden of Persuasion</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action

only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Attachment A);

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Attachment A;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Attachment A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Attachment A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;



(h) witnesses to be deposed in this Action ~~to whom disclosure is reasonably necessary and~~ who have signed the "Acknowledgement and Agreement to Be Bound" (Attachment A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Attachment A).

7.3  Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Attachment A;



_Intentionally Omitted._
~~(b) Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Attachment A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;~~

(c) Experts of the Receiving Party ~~(1) to whom disclosure is reasonably necessary for this litigation,~~ (1) who have signed the "Acknowledgment and Agreement to Be Bound" (Attachment A), ~~and~~ (2) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed; and (3) who are not employed by or retained by a party or a party's competitor for business purposes;

(d) the court and its personnel;



(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and

- 9 -
[PROPOSED] ORDER GRANTING MOTION TO MODIFY PROTECTIVE ORDER

1  who have signed the "Acknowledgment and Agreement to Be Bound" (Attachment A);

2  (f) the author or recipient of a document containing the information or a custodian

3  or other person who otherwise possessed or knew the information; and

4  (g) any mediator or settlement officer, and their supporting personnel, mutually

5  agreed upon by any of the parties engaged in settlement discussions and who have signed

6  the "Acknowledgment and Agreement to Be Bound" (Attachment A);

*[handwritten insertion:]* (h) outside counsel for a party's insurer, who agree to be bound by this order.

7  **7.4   Procedures for Approving or Objecting to Disclosure of "HIGHLY**

8  **CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated**

9  **House Counsel or Experts.**

10  (a)(1) Unless otherwise ordered by the court or agreed to in writing by the

11  Designating Party, a Party that seeks to disclose to Designated House Counsel any

12  information or item that has been designated "HIGHLY CONFIDENTIAL –

13  ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written

14  request to the Designating Party that (1) sets forth the full name of the Designated House

15  Counsel and the city and state of his or her residence, and (2) describes the Designated

16  House Counsel's current and reasonably foreseeable future primary job duties and

17  responsibilities in sufficient detail to determine if House Counsel is involved, or may

18  become involved, in any competitive decision-making.

19  (a)(2) Unless otherwise ordered by the court or agreed to in writing by the

20  Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order)

21  any information or item that has been designated "HIGHLY CONFIDENTIAL –

22  ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written

23  request to the Designating Party that (1) ~~identifies the general categories of "HIGHLY~~

24  ~~CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party~~

25  ~~seeks permission to disclose to the Expert, (2)~~ sets forth the full name of the Expert and

26  the city and state of his or her primary residence, ~~(3) attaches a copy of the Expert's~~

27  ~~current resume,~~ (4) *[handwritten: 2]* identifies the Expert's current employer(s), ~~(5) identifies each person~~

28  ~~or entity from whom the Expert has received compensation or funding for work in his or~~

AGR

1  ~~her areas of expertise or to whom the expert has provided professional services, including~~
2  ~~in connection with a litigation, at any time during the preceding five years, and (6)~~
3  ~~identifies (by name and number of the case, filing date, and location of court) any~~
4  ~~litigation in connection with which the Expert has offered expert testimony, including~~
5  ~~through a declaration, report, or testimony at a deposition or trial, during the preceding~~
6  ~~five years.~~

7  (b) A Party that makes a request and provides the information specified in the
8  preceding respective paragraphs may disclose the subject Protected Material to the
9  identified Designated House Counsel or Expert unless, within 14 days of delivering the
10 request, the Party receives a written objection from the Designating Party. Any such
11 objection must set forth in detail the grounds on which it is based.

12     (c) A Party that receives a timely written objection must meet and confer with the
13 Designating Party (through direct voice to voice dialogue) to try to resolve the matter by
14 agreement within seven days of the written objection. If no agreement is reached, the
15 Party seeking to make the disclosure to Designated House Counsel or the Expert may file
16 a motion as provided in Civil Local Rule 7-1 et seq. (and in compliance with Civil Local
17 Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion
18 must describe the circumstances with specificity, set forth in detail the reasons why the
19 disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the
20 risk of harm that the disclosure would entail, and suggest any additional means that could
21 be used to reduce that risk. In addition, any such motion must be accompanied by a
22 competent declaration describing the parties' efforts to resolve the matter by agreement
23 (i.e., the extent and the content of the meet and confer discussions) and setting forth the
24 reasons advanced by the Designating Party for its refusal to approve the disclosure.
25 In any such proceeding, the Party opposing disclosure to Designated House Counsel or
26 the Expert shall bear the burden of proving that the risk of harm that the disclosure would
27 entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose
28 the Protected Material to its Designated House Counsel or Expert.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing

in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to

whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Attachment A).

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Within two (2) court days of presenting a written application and a proposed order to the judge in compliance with Civil Local Rule 79-5, if the Party that seeks to file under seal any Protected Material is not the Designating Party, then the Designating Party shall present its own application and proposed order to the judge, and the Designating Party shall bear the burden of

1  satisfying the requirements of filing the Protected Material under seal. Protected Material
2  may only be filed under seal pursuant to a court order authorizing the sealing of the
3  specific Protected Material at issue. If a Party's request to file Protected Material under
4  seal is denied by the court, then the Receiving Party may file the information in the
5  public record unless otherwise instructed by the court.

6      12.4    <u>Violation of Order</u>. Any violation of this Order may be punished by any and
7  all appropriate measures including, without limitation, contempt proceedings and/or
8  monetary sanctions.

9  **13. FINAL DISPOSITION**
10      After the final disposition of this Action, as defined in Section 4 (DURATION),
11  within 60 days of a written request by the Designating Party, each Receiving Party must
12  return all Protected Material to the Producing Party or destroy such material. As used in
13  this subdivision, "all Protected Material" includes all copies, abstracts, compilations,
14  summaries, and any other format reproducing or capturing any of the Protected Material.
15  Whether the Protected Material is returned or destroyed, the Receiving Party must submit
16  a written certification to the Producing Party (and, if not the same person or entity, to the
17  Designating Party) by the 60 day deadline that (1) identifies (by category, where
18  appropriate) all the Protected Material that was returned or destroyed and (2) affirms that
19  the Receiving Party has not retained any copies, abstracts, compilations, summaries or
20  any other format reproducing or capturing any of the Protected Material. Notwithstanding
21  this provision, Counsel are entitled to retain an archival copy of all pleadings, motion
22  papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,
23  deposition and trial exhibits, expert reports, attorney work product, and consultant and
24  expert work product, even if such materials contain Protected Material. Any such archival
25  copies that contain or constitute Protected Material remain subject to this Protective
26  Order as set forth in Section 4 (DURATION).
27  //
28  //

1 | FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:
2
3 | Dated: 3/31/2016               By: *Alicia G. Rosenberg*
4 |                                    Hon. Alicia G. Rosenberg
5 |                                    United States Magistrate Judge

Attachment A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *Reserve Media, Inc. v. Efficient Media, Inc.*, Civil Action No. CV 15-05072 DDP (AGRx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____