O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RESERVE MEDIA, INC., | ) | Case No. 2-15-cv-05072-DDP (AGRx) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION FOR** |
| | ) | **ATTORNEYS' FEES AND NON-** |
| v. | ) | **TAXABLE COSTS** |
| | ) | |
| EFFICIENT FRONTIERTS, INC., | ) | [Dkt. 375] |
| | ) | |
| Defendants. | ) | |

Presently before the court is Plaintiff and Counter-Defendant Reserve Media, Inc.'s ("Reserve") Motion for Attorneys' Fees and Non-Taxable Costs. After reviewing the parties' submissions and hearing oral argument, the court DENIES the Motion adopts the following Order.

**I. BACKGROUND**

The court assumes the parties' familiarity with the factual background of this case, which has been set forth in greater detail in the court's prior summary judgment Order. (*See* Dkts. 235, 296, 359.) In brief, Efficient Frontiers, Inc. ("EFI") is a company that offers software products to companies in the hospitality industry. (First Amended

Counterclaim ("FAC") ¶¶ 4, 15-17.) EFI's products assist with catering and event-management, restaurant table management, and dining reservations. (FAC ¶¶ 17-19.) EFI also claims rights to a number of trademarks, all of which contained the word "reserve." This included registered trademark such as the RESERVE INTERACTIVE design and word marks, RESERVE Q marks, RESERVE ANYWHERE, RESERVE CLOUD marks. It also included several common-law trademarks and service marks that EFI claims to have used in connection with its products and services as early as 2005 and no later than 2011, including ReServe It; ReServe University; ReServe It 2.0; ReServe Gateway; and ReServe Cloud.

Reserve Media, Inc. ("Reserve") is a startup company focusing on restaurant technology, which was founded in 2014. (Dkt. 296 at 2.) According to the founders, the company aims to compete with consumer-facing software companies that facilitate restaurant reservations. (*Id*.) The company offers products and services using the mark "Reserve" and "Reserve for Restaurants."

This suit arose out of a trademark dispute between EFI and Reserve. After learning about Reserve's business in 2014, EFI sent Reserve a cease-and-desist letter for attempting to use a mark that infringes on EFI's marks "Reserve Interactive and its variations." (*Id*.) The parties attempted to negotiate their trademark dispute but Reserve ultimately filed for declaratory relief seeking a determination that its use of the "Reserve" mark does not infringe on EFI's trademark rights. (Complaint ¶ 14.) EFI responded with a counterclaim asserting federal and state causes of action for trademark infringement and unfair competition. (FAC ¶¶ 34-60.)

By both parties' accounts, the case went through an involved discovery process. (*Compare* Mot. 3, 7-8 *with* Opp'n 4-5.) Each side made sizable document production requests, took or defended a total of eighteen fact and expert depositions, and filed several partially successful discovery motions. After the close of discovery, Reserve moved for summary judgment on the claims that the RESERVE INTERACTIVE mark was not protectable as a matter of law, there was no willful infringement, and there were

no damages. (*See* Dkt. 105.) While the first summary judgment motion was pending, Reserve sought leave to file a second summary judgment motion as to seven additional marks. (*See* Dkt. 108.) Although the more efficient course may have been to file a single motion addressing all of the marks, the court granted leave in part to narrow issues for trial. (*See* Dkt. 237.) The court granted in part both Reserve's first and second summary judgment motions. (*See* Dkts. 235, 296.) Together, the two Orders concluded that eight of the ten marks at issue in this case were not valid and protectable as a matter of law because they were descriptive and lacked secondary meaning. (*See id*.) The court also found no triable question as to Reserve's willful infringement of any mark. (*Id.*) At this juncture, the court determined that the most efficient use of judicial resources would be for the parties to brief whether there were any triable issues as to the last two EFI marks and ordered briefing accordingly. After reviewing the final round of summary judgment briefs, the court granted judgment in favor of Reserve and ordered cancellation of EFI's registered marks. (Dkt. 359.) During the course of summary judgment briefing, the parties filed thirteen motions in limine—eight by Reserve and five by EFI. EFI has since filed a notice of appeal in this suit. (Dkt. 376.)

Reserve now moves for attorneys' fees and non-taxable costs under the Lanham Act in the amount of $1,081,683.89.

**II. LEGAL STANDARD**

The Lanham Act permits courts to award reasonable attorneys' fees in trademark cases only in "exceptional cases." 15 U.S.C. § 1117(a). Historically, a case was considered exceptional only when a plaintiff had shown that a defendant had engaged in "malicious, fraudulent, deliberate or willful" infringement. *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir. 1993). In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), however, the Supreme Court held that an analogous standard under the Patent Act was "unduly rigid and impermissibly encumber[ed] the statutory grant of discretion to district courts." *Id.* at 1755. Instead, the Court explained that "an 'exceptional' case is simply one that stands out from others with respect to the

3

substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id*. at 1756. Since *Octane Fitness*, the Ninth Circuit has clarified that "district courts analyzing a request for fees under the Lanham Act should examine the 'totality of the circumstances' to determine if the case was exceptional." *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (quoting *Octane Fitness*, 134 S. Ct. at 1756). Under the "totality of the circumstances" approach, district courts may consider a "'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Octane Fitness*, 134 S. Ct. at 1756 n.6 (quoting *Fogerty v. Fantasy Inc.* 510 U.S. 517, 534 n.19 (1994)). The burden of proof for establishing an entitlement to fees is preponderance of the evidence.

**III. DISCUSSION**

The threshold issue raised by Reserve's Motion is whether it is entitled to recover any fees under the Lanham Act. Reserve argues that both the substantive weakness of EFI's position and its unreasonable litigation position counsel in favor of a fee award. Reviewing the litigation history of this case, however, the court does not find that this case "stands out from others."

Beginning with its allegation that EFI's position was substantively weak, Reserve primarily focuses on its degree of success in the litigation. Reserve notes that it prevailed on the argument that the majority of EFI's marks were not protectable as a matter of law because they were descriptive and lacked secondary meaning, that there was no evidence of willful infringement, and that there was no likelihood of confusion as to the protectable marks. (Mot. 5-6.) [1] Of course, as even Reserve recognizes, the fact of

---

[1] While Reserve's position in the instant Motion is that EFI had an exceptionally weak case, the court notes that Reserve's prior litigation strategy does not reflect a similar view. Reserve initially moved for summary judgment as to only one mark. It later sought

4

prevailing at summary judgment alone is insufficient to entitle party to fees under the Lanham Act. *See* Reply 4 ("Reserve never argued and does not contend that a case is 'exceptional' under *Octane Fitness* simply because the plaintiff loses its case as EFI did here."); *see also, e.g., Cambrian Sci. Corp. v. Cox Commc'ns, Inc.*, 79 F. Supp. 3d 1111, 1114 (C.D. Cal. 2015) (noting in the patent context that "[m]erely losing at summary judgment is not a basis for an exceptional case finding"). Accordingly, Reserve also contends that exceptional weakness of the case is evident from the finding by one of Reserve's expert witnesses that consumer surveys revealed almost no evidence of confusion between EFI and Reserve's marks and the fact that EFI did not secure an expert to opine on secondary meaning.

Although Reserve ultimately prevailed on its claim at summary judgment, EFI's position in this matter was not unreasonably or exceptionally weak. First, the court notes that EFI was in the restaurant software business for nearly 18 years prior to Reserve's entrance to the marketplace. During that time, the evidence submitted by EFI indicates that the company used a number of marks that contained the word "reserve" in connection with their suite of products and services. Moreover, a number of these marks were federally registered creating a presumption of validity. Further, EFI did submit evidence of some actual confusion from customers. *See Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 927 (9th Cir. 2005). While the court ultimately found that, notwithstanding the registrations, several of the EFI marks were not protectable as a matter of law, it was not unreasonable for EFI to attempt to police its rights against a new competitor in a related business domain who was using a mark with overlapping words. Indeed, had EFI failed to act on its claims, that failure could have resulted in further weakening the association between EFI's marks and its particular businesses or, worse yet for EFI, a laches claim by future competitors. Likewise, the

---

leave to file a successive motion as to several other marks and only on the court's order did Reserve move for summary judgment as to the final marks at issue in the case.

court's third summary judgment Order did express certain concerns about EFI's expert findings as to actual confusion, (Dkt. 359 at 11,) but that was not a reflection of the weakness of EFI's overall claim but instead the weakness of that particular expert's testimony. Ultimately, as fellow district courts in this Circuit have concluded following *Octane Fitness*, "If a plaintiff has raised 'debatable issues' and can be found to have had a legitimate reason for bringing the lawsuit, it supports a finding that a case is not exceptional." *Caiz v. Roberts*, No. CV 15-09044 RSWL (AGRx), 2017 WL 830386, at *4 (C.D. Cal. Mar. 2, 2017) (citing *Nutrivita Laboratories, Inc. v. VBS Distribution Inc.*, 160 F. Supp. 3d 1184, 1192 (C.D. Cal. 2016)).

Reserve also argues that it is entitled to recover its fees because of the unreasonable manner in which EFI litigated the case. Here, too, the court finds that this case does not stand apart from others. First, Reserve asserts that EFI behaved unreasonably during discovery by propounding overbroad discovery requests that required Reserve to produce millions of pages of discovery. (Mot. 7.) EFI responds that Reserve chose to "dump" an unreasonable amount of documents in response to reasonable requests. (Opp'n 2.) From the parties' exhibits, it appears that Reserve's particular concern was with EFI's request for production of "all documents" related to Reserve's marketing and promotional activities. (Ruga Decl., Ex. B at 3-4.) While this was a broad request, EFI had substantiated its relevance to the infringement claim. The remainder of discovery practice reflects vigorous litigation by both parties.

Next, Reserve contends that EFI had improper motives in litigating this trademark suit. (Mot. 8.) During discovery, Reserve found an email chain where EFI executives had read an article about Reserve's launch and assumed that Reserve was connected with a founder of Uber. One executive commented, "Hopefully they are so far along that they have to pay us for the right to the name to the tune of seven figures." (Mot. 8.) While unfortunate, the court, looking at the totality of the circumstances, finds that this statement is more in the order of stray remark. Accordingly, it does not factor heavily in the court's analysis here.

Reserve also contends that EFI behaved unreasonably in connection with its experts. In particular, Reserve contends that EFI retained unqualified experts, made two untimely filings as to expert reports, and filed an unnecessary cross-motion seeking confirmation that an expert Reserve had sought to exclude would be allowed to testify. (Mot. 8-9.) These allegations are within the bounds of ordinary expert practice in trademark cases. Each side is entitled to believe that the other side has an ineffective expert and to brief motions in limine on that point. Moreover, as the court noted in its third summary judgment Order, if EFI's expert reports were indeed untimely, that could have affected the admissibility of the testimony, but the court expressly declined to decide the issue at that juncture. (*See* Dkt. 359 at 11.) Parties often make late disclosures and the court is left to exercise its discretion about how to respond to those mistakes. EFI's actions here do not reflect a pattern of gamesmanship or unreasonable litigation tactics.

Finally, Reserve argues that this case is exceptional because of EFI's attempt to file a second action against a member of Reserve's board of directors, Joseph Marchese, while this case was pending. *See Efficient Frontiers, Inc. v. Marchese*, No. CV 16-06920 DDP (AGRx), 2016 WL 7117243 (C.D. Cal. Dec. 6, 2016). This Court dismissed that case with prejudice under the doctrine against claim splitting. *Id.* at *4. The court expressly declined, however, to sanction EFI, reasoning that "the filing was not frivolous" and that there was some precedent for filing such a case. *Id.* The court finds no reason to reassess that conclusion here. EFI had a reasonable, though ultimately unavailing, basis for filing a separate suit against Marchese and the decision to file that suit does not renders its conduct in this case unreasonable.

//
//
//
//
//

7

## IV. CONCLUSION

For the reasons stated above, the court DENIES Plaintiff's Motion for Attorneys' Fees.

**IT IS SO ORDERED.**

Dated: June 12, 2017

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE